

# NUMBERS 13-16-00233-CR AND 13-16-00234-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DONELL HOLLAND,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 36th District Court
### of Aransas County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras,[1] and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Donell Holland was charged by two indictments for his criminal conduct

towards two sisters, both thirteen years of age at the time of the offense. In cause

---

[1] Justice Dori Contreras, formerly Dori Contreras Garza. *See* TEX. FAM. CODE ANN. § 45.101 *et seq.* (West, Westlaw through 2015 R.S.).

number A-15-5114-CR, Holland was charged with two counts of aggravated sexual assault of a child, a first-degree felony, *see* TEX. PENAL CODE ANN. § 22.02(a) (West, Westlaw through 2015 R.S.), and one count of indecency with a child, a second-degree felony. *See id.* § 21.11(a)(1) (West, Westlaw through 2015 R.S.). In cause number A-15-5115-CR, Holland was charged with three counts of aggravated sexual assault of a child and one count of indecency with a child. The cases were tried together, and a jury found Holland guilty on all counts. Holland pleaded true to an enhancement allegation relating to a prior felony conviction for aggravated assault. *See id.* §§ 12.42, 22.02(a)(1) (West, Westlaw through 2015 R.S.). The trial court rendered two judgments sentencing Holland to life in prison for each count of aggravated sexual assault of a child and fifteen years in prison for each count of indecency with a child, with the sentences to run concurrently.

Determining that there are no issues that might arguably support an appeal in either cause, counsel filed two *Anders* briefs in which he reviewed the merits of Holland's appeals. We consolidate the appeals for purposes of this opinion and affirm the judgments of the trial court.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, 386 U.S. 738, 744–45 (1967), Holland's counsel filed briefs stating that, after reviewing the entire record and the applicable case law, he has found no error upon which any appeal might be based. Counsel's briefs meet the requirements of *Anders* as they present professional evaluations showing why there are no meritorious grounds for advancing any appeal. *See Stafford v. State*, 813 S.W.2d

503, 510 n.3 (Tex. Crim. App. 1991) (en banc); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978); *see also In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."). Counsel demonstrated that he has complied with the requirements of *Anders* by discussing the record evidence and why, under controlling authority, any appeal from the judgments would be without merit and frivolous. *See High*, 573 S.W.2d at 813.

Counsel has informed this Court, in writing, that he has: (1) notified Holland that counsel has filed *Anders* briefs and has requested that we allow him to withdraw as counsel; (2) provided Holland with copies of the *Anders* briefs and the motions to withdraw; (3) informed Holland of his right to file a pro se response,[2] to review the record preparatory to filing that response, and to seek discretionary review if the court of appeals concludes that the appeals are frivolous; and (4) provided Holland with a form motion for pro se access to the appellate record, with instructions to file the motion within ten days. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also In re Schulman*, 252 S.W.3d at 408 n.23. Adequate time has passed, and Holland has not filed a pro se response.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record, and we have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgments of the trial court.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, counsel has asked this Court to grant his motions to withdraw as counsel for Holland.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (editorial marks omitted)).  We grant counsel's motions to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send copies of the opinion and the judgments to Holland and to advise Holland

4

of his right to pursue a petition for discretionary review.[3]   *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of February, 2017.

---

[3] No substitute counsel will be appointed.   Should Holland wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.   *See id.* R. 68.3.   Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.   *See id.* R. 68.4.